EXECUTRIX WIGGINS, VS. ADMINISTRATOR NORTON.

*Debt on Judgment, verdict for Plaintiff, and motion for a New Trial.*

A general release or receipt in full of all demands will not extend to claims held by such re-
leasor, as executor.

## By BERRIEN, Judge.

THIS was action of debt founded on a judgment obtained by Wiggins in his life time, against Norton in his life time; the plea was payment.

After the death of Wiggins, Mary his widow, made probate of his will and qualified as executrix, Norton the defendant's intestate being still in life.   Upon this state of facts, the defendant offered in evidence to support his plea, a receipt given by Mary Wiggins to Thomas Norton, for the sum of five shillings in full of all demands, which was refused by the Court— and alleging that in such refusal there was error ;  the defendant now moves for a new trial on the ground of such alleged error. In support of the motion, *Mr. Lawson*, for the defendant has cited an authority to prove, that a release by an executor of all actions indefinitely, operates to discharge not only those which the releasor is entitled to as an executor, but those also which belong to him individually—and he urges that the converse of the proposition must be equally true.   But upon looking into *Sheppard*, it appears that he refers to the case of *Hutchinson vs. Savage*, as a decided case on this point.   And by a further examination of that case, as reported by *Lord Raymond*, it appears that it was never decided, but adjourned.   The principal proposition cannot therefore be considered as concluded by the authority cited.   If it were, the converse would not necessarily be admitted.   That a general release by an executor should operate

to release his individual claims also, might result from the rigid enforcement of the rule, that a deed is always to be taken most strongly against the grantor, and would be confined in its implied operation to the individual who executed it. But that a general release by an individual should extend to claims which that individual had as executor of another, would be to extend the operation of the release by implication, not only against the grantor, but also to the creditors of the testator and those entitled under the will, who certainly never could be considered as parties to the release, which would therefore be most iniquitous and unjust. But the necessity of a resort to general reasoning on this point, is superseded by the express decision of the case of *Knight vs. Cole*, reported in *Shower;* one of the executors of a creditor by judgment for 6000 pounds, is legatee of the debtor for 5 pounds, and gives a receipt for the legacy, and by it discharged, the executor of the debtor of and from the said legacy, and from all actions, suits and demands whatsoever, which he had against him as executor, to any matter whatsoever, from the beginning of the world, &c. This was adjudged to extend only to the legacy in his own right, and not to the debt which he had as executor. If then we admit the direct proposition urged by the defendant's counsel, reason and authority both concur to prove that its converse is not true. It results that the representatives of Wiggins were not parties to the receipt given by Mary Wiggins, to Thomas Norton; that as to them this was *resinter alios acta*, and consequently that in the rejection of this receipt there was no error.

The motion for a new trial is therefore over-ruled.